MONTY AGARWAL (SBN 191568)
ARNOLD & PORTER LLP
One Embarcadero Center, 22nd Floor
San Francisco, CA 94111
Telephone: 415.356.3000
Facsimile: 415.356.3099
E-Mail: monty.agarwal@aporter.com

Attorneys for Defendants
ARTHUR MIDDLETON CAPITAL HOLDINGS;
UNIVERSAL MEDIA SYNDICATE, LLC
(INCORRECTLY CAPTIONED AS UNIVERSAL
SYNDICATIONS, INC., dba UNIVERSAL MEDIA
SYNDICATE); and HEAT SURGE, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY HALLSTROM,<br><br>            Plaintiff,<br><br>v.<br><br>ARTHUR MIDDLETON CAPITAL HOLDINGS; UNIVERSAL SYNDICATIONS, INC., dba UNIVERSAL MEDIA SYNDICATE; HEAT SURGE, LLC; and DOES 1-250, Inclusive,<br><br>            Defendants. | Case No. 10- CV-1177 JAH<br><br>**DEFENDANTS ARTHUR MIDDLETON CAPITAL HOLDINGS, INC., UNIVERSAL MEDIA SYNDICATE, LLC, AND HEAT SURGE, LLC's NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULES 12(b)(6) AND 12(b)(1); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:         Sept. 13, 2010<br>Time:        2:30 p.m.<br>Location:   Courtroom #11<br>Judge:       Hon. John A. Houston |

LA: 650902v3

DEFENDANTS' MOTION TO DISMISS

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

 **PLEASE TAKE NOTICE** that, on September 13, 2010 at 2:30 p.m., or as soon thereafter as the matter may be heard before the Honorable John A. Houston, United States District Judge of the United States District Court for the Southern District of California, located at 940 Front Street, San Diego, California 92101, Defendants Arthur Middleton Capital Holdings, Inc., Universal Media Syndicate, LLC (incorrectly identified in the Complaint as Universal Syndications, Inc. d/b/a Universal Media Syndicate), and Heat Surge, LLC ("Defendants") will and hereby do move to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).

 The motion is made on the grounds that Plaintiff has failed to state a claim upon which relief may be granted, and for Plaintiff's failure to meet the standing requirements of Article III of the U.S. Constitution.

 This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings, orders, and all other papers on file in this action, and on such other evidence and argument as may be presented to the Court on reply and at the time of hearing.

Dated: July 9, 2010        ARNOLD & PORTER LLP

             By: /s/ Monty Agarwal
               MONTY AGARWAL
               Attorneys for Defendants

**TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION ..................................................................................................................1

II. PLAINTIFF'S ALLEGATIONS ..........................................................................................2

III. ARGUMENT .........................................................................................................................3

    A. Legal Standard ...........................................................................................................3

    B. Plaintiff Fails To Plead That The Product At Issue Is Unpatented Anywhere ........................................................................................................................3

    C. Plaintiff Lacks Standing To Bring This Claim .............................................................5

    D. Should The Court Decline To Find A Lack Of Standing, It Should Stay This Action Pending The Federal Circuit's Decision In *Stauffer v. Brooks Brothers* ........................................................................................6

IV. CONCLUSION.......................................................................................................................7

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Ashcroft v. Iqbal*,
 129 S. Ct. 1937 .................................................................................................................. 3

*Balistreri v. Pacifica Police Dep't*,
 901 F.2d 696 (9th Cir. 1990) .............................................................................................. 3

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 540 (2007) ........................................................................................................... 3

*Forest Grp., Inc. v. Bon Tool Co.*,
 590 F.3d 1295 (Fed. Cir. 2009) .......................................................................................... 1

*Keystone Mfg. Co., Inc. v. Jaccard Corp.*,
 394 F. Supp. 2d 543 (W.D.N.Y. 2005) ........................................................................... 1, 4

*Kor-CT, LLC v. Savvier, Inc.*,
 344 F. Supp. 2d 847 (D. Conn. 2004) ................................................................................ 4

*Ove v Gwinn*,
 264 F.3d 817 (9th Cir. 2001) .............................................................................................. 3

*Pequignot v. Solo Cup Co.*,
 640 F. Supp. 2d 714 (E.D. Va. 2009) ................................................................................ 5

*Precision Dynamics Corp. v. Am. Hosp. Supply Co.*,
 241 F. Supp. 436 (S.D. Cal. 1965) ..................................................................................... 1

*Project Strategies Corp. v. Nat'l Commc'ns Corp.*
 948 F. Supp. 218 (E.D.N.Y. 1996), *aff'd* 168 F. 3d 1320 (Fed Cir. 1998) .............................. 4

*San Francisco Technology, Inc. v. Adobe Systems Inc.*,
 2010 WL 1640397 (N.D. Cal 2010) ................................................................................... 7

*Stauffer v. Brooks Brothers*,
 615 F. Supp. 2d 248 (S.D.N.Y. 2009) ....................................................................... 5, 6, 7

*Summers v. Earth Island Inst.*,
 --- U.S. ---, 129 S. Ct. 1142 (2009) ................................................................................ 5, 6

*Vermont Agency of Natural Res. v. U.S. ex rel. Stevens*,
 529 U.S. 765 (2000) ........................................................................................................... 5

**DOCKETED CASES**

*Hallstrom v. Aqua Flora, Inc.*,
    2:10-cv-01459 (E.D. Cal., filed June 14, 2010) ........................................................................ 1

*Hallstrom v. Eagle Eyes Optics Inc.*,
    5:10-cv-02864 (N.D. Cal., filed June 29, 2010) ....................................................................... 1

*Hallstrom v. Nutrex Corp., et al.*,
    8:10-cv-00704 (C.D. Cal., filed June 11, 2010) ....................................................................... 1

*Heathcote Holdings Corp.* v. *Crayola LLC*,
    No. 10-cv-00342, Dkt. No 19 .................................................................................................. 7

*Stauffer v. Brooks Brothers*, Dkt. 2009-1428 (Fed. Cir. Nov. 30, 2009) ........................................ 6

**STATUTES AND RULES**

25 U.S.C. § 292 ................................................................................................... 1, 2, 3, 4, 5, 6, 7

Fed. R. Civ. P. 12(b) ............................................................................................................... 4

Fed. R. Civ. P. 12(b)(1) ................................................................................................... 2, 3, 6, 7

Fed. R. Civ. P. 12(b)(6) .......................................................................................................... 2, 3, 7

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Plaintiff in this case is a bounty hunter attempting to capitalize on the Federal Circuit's recent change in the law in *Forest Grp., Inc. v. Bon Tool Co.*, 590 F.3d 1295 (Fed. Cir. 2009) with respect to false patent marking. *Forest Group* made false patent marking claims potentially more lucrative by holding that the $500 penalty for false marking must be awarded on a *per article* basis. *Id.* at 1301. Prior to *Forest Group*, a majority of courts — including this one — imposed a single $500 penalty for the continuous act of marking multiple articles. *Id.* at 1302; *Precision Dynamics Corp. v. Am. Hosp. Supply Co.,* 241 F. Supp. 436, 447 (S.D. Cal. 1965). The Federal Circuit's recent change has resulted in hundreds of new false marking cases, like this one, by bounty hunters posing as legitimate litigants.

This particular case is one of four alleged false patent marking cases this Plaintiff has filed in the past month — one in *each* of California's district courts. *See Hallstrom v. Nutrex Corp., et al.,* 8:10-cv-00704 (C.D. Cal., filed June 11, 2010); *Hallstrom v. Aqua Flora, Inc.*, 2:10-cv-01459 (E.D. Cal., filed June 14, 2010); *Hallstrom v. Eagle Eyes Optics Inc.*, 5:10-cv-02864 (N.D. Cal., filed June 29, 2010).

In this case, the product at issue is the Heat Surge Roll-N-Glow™ Simulated Fireless Flame Fireplace, which features a patented simulated flame ("the Simulated Fireless Flame"). The Simulated Fireless Flame is part of a fireplace product sold by Defendant Heat Surge, LLC, and, as the Complaint alleges, the Simulated Fireless Flame was invented not in the U.S., but in China. *See* Complaint, ¶ 19, Ex. A ("patented Fireless Flame technology *made by Asian engineers*. . . .") (emphasis added); *id.,* ¶ 23.A (noting that the Simulated Fireless Flame fireplace was created by an "engineering genius *from the China coast*.") (emphasis added).

Plaintiff's Complaint should be dismissed for two reasons. First, to state a claim under 25 U.S.C. § 292, the Patent Act's false marking provision, a plaintiff must allege the crucial element that the product at issue is unpatented — not just in the U.S., but anywhere in the world. *See Keystone Mfg. Co., Inc. v. Jaccard Corp.*, 394 F. Supp. 2d 543, 66 (W.D.N.Y. 2005) (dismissing false patent marking claim where products at issue were protected by five foreign patents). Here,

Plaintiff has made no such allegation, and in fact, the Complaint admits that Plaintiff conducted no patent search outside of the United States.  *See* Complaint, ¶ 20 (Plaintiff only "confirmed" the Simulated Fireless Flame fireplace is not "protected by any valid or existing United States patent.").  Plaintiff's allegation that the Simulated Fireless Flame fireplace is not "protected by any valid or existing *United States* patent," *id.* (emphasis added), is inadequate, and therefore his Complaint must be dismissed for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).

Second, even if Plaintiff *had* pled that the Simulated Fireless Flame fireplace was unpatented anywhere in the world (an allegation that would be factually inaccurate), he still does not have standing to sue under Article III because he has not personally suffered any injury, and he has pled no specific injury to the United States or the public at large.  Therefore, his Complaint fails for lack of subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).

Accordingly, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), the Court should grant Defendants' motion to dismiss and enter judgment in favor of Defendants.

## II.   PLAINTIFF'S ALLEGATIONS

Plaintiff's sole claim arises under 25 U.S.C. § 292, the false patent marking provision of the Patent Act.  The false marking provision, among other things, creates penalties for falsely advertising a product as "patented" when a patent has not actually been applied for or granted.  Plaintiff alleges that Defendants advertised the Simulated Fireless Flame fireplace as "patented" with intent to "deceive the public and to stifle legitimate competition, and to gain a competitive advantage in the market," Complaint, ¶ 22, and seeks three remedies: (1) an "order fining Defendants," (2) a preliminary and permanent injunction, and (3) an award of attorneys fees and costs, supposedly because this is an "exceptional" case.  Complaint, Prayer For Relief at p. 9.

Notably, Plaintiff does not allege that he ever purchased the Simulated Fireless Flame fireplace at issue, that he is a competitor of the Defendants, or that he personally suffered any injury whatsoever.  Complaint, ¶ 7.  Plaintiff's alleged motivation for bringing this suit is that he "believes in the importance of a fair and competitive market … for consumer goods."  *Id.*

Plaintiff also alleges that he has "exhaustively researched public records, including the records of the United States Patent & Trademark Office (found at www.uspto.gov) … and ha[s] confirmed that neither the Heat Surge Fireplace nor the 'Fireless Flame Technology' are protected by any valid or existing *United States* patent." Complaint ¶ 20 (emphasis added). Plaintiff, however, has not alleged that he searched for any patent records outside of the United States; and most importantly, he has not alleged that the Simulated Fireless Flame fireplace is unpatented outside of the United States.

### III.   ARGUMENT

#### A.   Legal Standard

A complaint fails under Federal Rule of Civil Procedure 12(b)(6) if it either does not allege a cognizable legal theory or alleges insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). While the Court must assume the truth of all properly pleaded allegations of fact, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Ove v Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001). A case must be dismissed where the complaint fails to state a "'claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 540, 570 (2007)). A court does not have to accept as true any legal conclusions. *See Iqbal*, 129 S. Ct. at 149-50. Stripped of unsupported legal conclusions, the factual allegations must do more than "create[] a suspicion of a legally cognizable right of action"; they must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (quotations, citations, and alternations omitted).

Similarly, a complaint fails under Federal Rule of Civil Procedure 12(b)(1) if it fails to establish federal subject-matter jurisdiction.

#### B.   Plaintiff Fails To Plead That The Product At Issue Is Unpatented Anywhere

By its plain language, the false patent marking statute only applies where a defendant's product is unpatented. *See* 25 U.S.C. § 292 (creating penalty as against "[w]hoever marks upon, or affixes to, or uses in advertising in connection with any *unpatented article*, the word 'patent' or any

word or number importing that the same is patented, for the purpose of deceiving the public") (emphasis added).

The language of § 292 does not distinguish between U.S. and foreign patents. Accordingly, a false patent marking action will not stand where the defendant's product is patented either in the U.S. or *abroad*. *See Kor-CT, LLC v. Savvier, Inc.*, 344 F. Supp. 2d 847, 857 (D. Conn. 2004) (Section 292 "is penal in nature and must be strictly construed. … [it] only prohibits the marking of articles that are not subject to *either foreign or domestic patent protection*.") (emphasis added); *Keystone Mfg. Co., Inc. v. Jaccard Corp.*, 394 F. Supp. 2d 543, 66 (W.D.N.Y. 2005) (holding that "Section 292 does not differentiate between U.S. and foreign patents" and dismissing claim where products at issue were protected by five foreign patents, but no U.S. patents). This principle has been affirmed by the Federal Circuit. *Project Strategies Corp. v. Nat'l Commc'ns Corp*. 948 F. Supp. 218, 225-27 (E.D.N.Y. 1996), *aff'd* 168 F. 3d 1320 (Fed Cir. 1998) (holding no violation where product at issue was marked "U.S. and foreign patents granted and pending," even though U.S. patent was pending, but only foreign patents had been issued).

Plaintiff's Complaint admits that the Simulated Fireless Flame was invented by engineers in China. *See* Complaint ¶ 19, Ex. A ("patented Fireless Flame technology *made by Asian engineers*. . . .") (emphasis added); *id.* ¶ 23. (noting that the Simulated Fireless Flame fireplace was created by an "engineering genius *from the China coast*") (emphasis added). Despite these allegations, however, Plaintiff only conducted a patent search in the U.S. and he only pleads that the product at issue is "[un]protected by any valid or existing *United States* patent." *Id.* (emphasis added). Plaintiff has thus inadequately pled the requirements of § 292 since he has made *no* pleading as to the international patents which would encompass the Simulated Fireless Flame.[1]

On these allegations, Plaintiff's claim fails and should be dismissed.

---

[1] This motion is brought under Fed. R. Civ. P. 12(b), and so is made entirely on the pleadings. However, for the Court's reference, had Plaintiff bothered to conduct a patent search in China, he would have found that the Simulated Fireless Flame *is* patented in the People's Republic of China, Patent Nos. 200420090518 and 200820178257. Both patents are publicly available at the State Intellectual Property Office of China (available online at www.sipo.gov.cn/sipo_English), and Defendants provided these patents to Plaintiff.

### C. Plaintiff Lacks Standing To Bring This Claim

To satisfy Article III standing, the plaintiff must have suffered an "injury in fact." *Vermont Agency of Natural Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 771 (2000). This is no less true in a purported *qui tam* action — the nature of a false patent marking claim — where, as here, the Plaintiff acts as a partial assignee of the United States' proprietary interest in a damages claim. *Id*. at 774. Here, Plaintiff has pled no such injury, although he apparently considers himself to be a *qui tam* plaintiff. *See, e.g.,* Complaint, ¶¶ 6, 15.

*Stauffer v. Brooks Brothers*, 615 F. Supp. 2d 248 (S.D.N.Y. 2009), recently addressed Article III's standing requirements as applied to the false patent marking statute. In *Stauffer*, the court held that the uninjured *qui tam* plaintiff bringing the action lacked standing because he had not alleged a concrete and particularized injury to himself or to the United States. *Id*. at 255 (granting motion to dismiss on § 292 claim); *see also id. at* n.5 (explaining disagreement with *Pequignot v. Solo Cup Co.*, 640 F. Supp. 2d 714 (E.D. Va. 2009)).

The relevant facts in *Stauffer* are identical to those in the instant case. The plaintiff there brought suit under § 292 as a *qui tam* action based on the defendant's alleged false marking. *Id*. at 252. The plaintiff alleged that the defendant's violation of the statute had "the potential to discourage or deter" competitors, and that it had "wrongfully quelled competition." *Id*. The plaintiff further generally alleged that the disruption of competition caused by defendant's false marking "harm[ed] the economy of the United States." *Id*.

*Stauffer* held that the plaintiff's allegations did not establish injury in fact to the United States as necessary for constitutional standing in a *qui tam* action. *Id*. at 255. The conclusory statement in the plaintiff's complaint that the defendant's alleged false marking "quelled competition . . . thereby causing harm to the United States" did not establish an imminent threat of concrete and particularized injury — it alleged nothing more than "the sort of 'conjectural or hypothetical' harm that the Supreme Court instructs is insufficient." *Id*., *citing Summers v. Earth Island Inst.*, --- U.S. ---, 129 S. Ct. 1142, 1151-52 (2009). The court accordingly held that the plaintiff did not have standing to bring the § 292 action on the United States' behalf. *Id*.

1   To satisfy the "injury in fact" element of standing, a plaintiff must allege harm to a legally protected interest that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Summers*, 129 S. Ct. at 1149.  The concrete and imminent injury that a plaintiff must allege is independent of the statute under which the plaintiff initiates the civil action.  Thus, simple violation of a federal statute does not vest a plaintiff with Article III standing.  *See id.*

Here, as in *Stauffer*, Plaintiff has not alleged injury in fact to himself personally.  Apart from a passing reference to his belief in the importance of a free market, Complaint, ¶ 7, his Complaint is devoid of any information about Plaintiff.  Indeed, Plaintiff does not allege that he bought the product at issue.  Plaintiff, therefore, could only have standing to bring a § 292 action if the Complaint alleges injury in fact to the United States.  Plaintiff's Complaint does not.

Plaintiff's Complaint contains absolutely no allegations of "concrete and particularized" injury to either himself or the United States.  Insofar as the Complaint makes *any* mention of injury to the United States, it is in the single conclusory statement in paragraph 29 that the Defendants' alleged false marking "has wrongfully stifled competition . . . thereby causing harm to plaintiff, the United States, and the public." (Complaint, ¶ 29.)  This is virtually identical to the language the *Stauffer* court held "plainly insufficient" to satisfy the "injury in fact" requirement of standing.  *Stauffer*, 615 F. Supp. 2d. at 255.  As in that case, Plaintiff does not make any effort to explain how or in what way any alleged stifling of competition has caused harm to the United States.   Nor does he allege a specific instance in which a competitor has been stifled.

Plaintiff's Complaint fails to allege "concrete and particularized" injury to the United States, let alone concrete injury that is "actual or imminent." *Stauffer*, 615 F. Supp. 2d. at 255.  Thus, his Complaint fails to meet the requirements of Article III standing and should be dismissed.

**D.   Should The Court Decline To Find A Lack Of Standing, It Should Stay This Action Pending The Federal Circuit's Decision In *Stauffer v. Brooks Brothers***

The district court's decision in *Stauffer v. Brooks Brothers* has been appealed to the Federal Circuit Court of Appeals.  *See* Dkt. 2009-1428 (Fed. Cir. Nov. 30, 2009).  As discussed above, the

facts and relevant issues of law in the *Stauffer* case are identical to those in the present action.[2] The Federal Circuit's resolution of the issue of whether a *qui tam* plaintiff who fails to allege concrete and particularized harm to the United States has standing will be dispositive of the instant motion because it will establish definitively whether this Court has subject matter jurisdiction over this Plaintiff's § 292 action.

In light of the Federal Circuit's anticipated decision in *Stauffer v. Brooks Brothers*, and to the extent that the Court believes that it does not lack jurisdiction at this time, the Court should stay this action pending the Federal Circuit's decision.[3] Other courts have taken just this approach. *See San Francisco Technology, Inc. v. Adobe Systems Inc.*, 2010 WL 1640397 (N.D. Cal 2010) (granting a motion to stay since there would likely "be no way to distinguish" or avoid application of the Federal Circuit's holding in *Stauffer*); *see also Heathcote Holdings Corp.* v. *Crayola* LLC, No. 10-cv-00342, Dkt. No 19, Minute Entry Granting Motion to Stay (N.D. Ill. Apr. 8, 2010) (same).

## IV. CONCLUSION

For the reasons stated herein, Defendants respectfully request that the Court dismiss Plaintiff's Complaint in its entirety, or in the alternative, stay this matter pending the Federal Circuit's decision in *Stauffer*.

Dated: July 9, 2010                                   ARNOLD & PORTER LLP


By: /s/ Monty Agarwal
    MONTY AGARWAL
    Attorneys for Defendants

---

[2] *See also id.,* Brief of Plaintiff-Appellant at 4, Issue Statement No. 1 ("In granting Brooks Brothers' motion to dismiss Stauffer's Complaint (for false patent marking) under Fed. R. Civ. P. 12(b)(1) on the issue of Stauffer's Article III standing, did the District Court apply the correct procedure and legal standard in its vetting of Stauffer's Complaint for an *injury in fact* to the public, or to the United States, assignable to Stauffer by the government?").

[3] The Federal Circuit appeal in *Stauffer* has been fully briefed and is awaiting hearing and decision.

**PROOF OF SERVICE**

1. I am over eighteen years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is One Embarcadero Center, 22nd Floor, San Francisco, CA 94111-3711.

2. On July 9, 2010, I served the following document(s):

☑ **DEFENDANTS ARTHUR MIDDLETON CAPITAL HOLDINGS, INC., UNIVERSAL MEDIA SYNDICATE, LLC, AND HEAT SURGE, LLC's NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULES 12(b)(6) AND 12(b)(1); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

3. ☑ I served the document(s) on the following person(s):

Scott J Ferrell
Newport Trial Group
610 Newport Center Drive
Suite 700
Newport Beach, CA 92660
Tel: (949)706-6464
Fax: (949)706-6469
sferrell@trialnewport.com

4. The documents were served by the following means:

☑ **Via Court Notice of Electronic Filing**. The document(s) will be served by the court via NEF and hyperlink to the document. On **July 9, 2010**, I checked the CM/ECF docket for this case or adversary proceeding and determined that the person(s) listed in Item 3 are on the Electronic Mail Notice List to receive NEF transmission at the email addresses indicated in Item 3.

☑ **FEDERAL**: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Dated: July 9, 2010                    Signature: /s/ Kendra R. Thompson